IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN LYNN CARY,<br><br>           Plaintiff,<br><br>v.<br><br>SALLY BEAUTY SUPPLY LLC AND<br>SALLY BEAUTY HOLDINGS, INC.,<br><br>           Defendants. | Case No.:<br><br>Judge:<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Sally Beauty Supply LLC ("SBS") and Sally Beauty Holdings, Inc. ("SBH") (collectively, "Defendants") hereby file their Notice of Removal to this Court of an action pending against it in the Supreme Court of the State of New York, County of Monroe.  Removal is based on the following grounds:

1. On or around September 14, 2022, Plaintiff Joan Lynn Cary ("Plaintiff") filed a lawsuit against Defendants in the Monroe County Supreme Court entitled *Joan Lynn Cary v. Sally Beauty Supply LLC and Sally Beauty Holdings, Inc.*, Index No. E2022007411 (the "State Court Action").  An index identifying each document filed in the State Court Action, as required by Local Rule 81(a)(3)(A), is attached as Exhibit A.  The Complaint in the State Court Action asserts claims of disability discrimination and retaliation under New York state laws.  Copies of the Complaint and Summons are attached as Exhibit B.

2. On or after September 29, 2022, SBS and SBH were served with copies of the Complaint and Summons.  *See* Affidavits of Service filed in State Court Action, attached as Exhibit C.

3. Removal of this action is timely as Defendants filed this Notice of Removal within thirty (30) days of their receipt of the Summons and notice of the State Court Action.  *See* 28 U.S.C. § 1446.

1

4. A case may be removed from state to federal court if the case could have originally been brought in the federal forum. *See* 28 U.S.C. § 1441(a)(5). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and, therefore, may be removed to this Court under 28 U.S. C. § 1441(a)-(b).

5. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that: (1) the parties on each side of the case are citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

6. Upon information and belief and by her own allegation, Plaintiff is a citizen of the State of New York. (Complaint, ¶ 4.)

7. For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). SBS is a Virginia limited liability company with its principal place of business in Denton, Texas. (Declaration of Kenneth Newton, ¶ 3, attached as Exhibit D.) SBS is a single member limited liability company whose sole member is Sally Holdings LLC, a Delaware limited liability company with its principal place of business in Denton, Texas. (*Id.*) Sally Holdings LLC is a single member limited liability company whose sole member is SBH. SBH is a corporation organized under the laws of Delaware, with its principal place of business in Texas. (Newton Decl., ¶ 4.)

8. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A company's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz*

*Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  The "nerve center" is normally where the corporation maintains its headquarters.  *Id*.  At all relevant times, SBH has been a company organized under the laws of Delaware, with its principal place of business in Texas.  (Newton Decl., ¶ 4.)  SBH's principal place of business is in Texas because its headquarters are located there, and that is where SBH's executive management directs, controls, and coordinates its activities.  (Newton Decl., ¶ 4.)  SBH has not been incorporated in New York and has not had its headquarters, executive offices, or principal place of business in New York.  (Newton Decl., ¶ 4.)  Accordingly, SBS and SBH are citizens of Delaware and Texas and not citizens of New York.

9. Complete diversity therefore exists between Plaintiff and Defendants under 28 U.S.C. § 1332, as Plaintiff and Defendants are not citizens of the same state.

10. As part of her Complaint, Plaintiff has alleged damages in the form of back pay, front pay, compensatory damages for emotional distress and pain and suffering, humiliation, and damage to reputation, attorneys' fees, costs and disbursements, pre-judgment and post-judgment interest on all damages awarded, and punitive damages.  Although Defendants oppose Plaintiff's stated damages, the amount in controversy is therefore above the $75,000 threshold under 28 U.S.C. § 1332(a).  *See Wise v. Marriott Int'l, Inc.*, No. 06 Civ. 11439, 2007 U.S. Dist. LEXIS 55611 (S.D.N.Y. July 20, 2007) (finding that where Plaintiff was seeking both back pay and "all other damages available to him," he fell far short of satisfying his burden to prove that, after a remand, he could not obtain more than $75,000).

11. Accordingly, this case is removable based on diversity of citizenship and because the amount in controversy exceeds $75,000.

12. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391.

13. This action is not a non-removable action as described in 28 U.S.C. § 1445.

14. Promptly after the filing of this Notice of Removal, Defendants will serve written notice of this removal on all parties and file a copy of this Notice of Removal with the Clerk of the Monroe County Supreme Court.  A copy of the Notice of Filing Notice of Removal is attached as Exhibit E.

WHEREFORE, Defendants respectfully file this Notice of Removal, removing this case from the Monroe County Supreme Court to the United States District Court for the Western District of New York.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Matthew P. Gizzo*_____
Matthew P. Gizzo (5233978)
599 Lexington Avenue, Suite 1700
New York, NY 10022
Ph:  212-492-2093
Email:  matthew.gizzo@ogletree.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy has also been served via electronic mail and regular U.S. Mail this same date to the following:

>Olivia M. Clancy, Esq.
>SHEGERIAN & ASSOCIATES
>90 Broad Street, Suite 804
>New York, New York 10004
>oclancy@shegerianlaw.com
>
>*Attorney for Plaintiff*

>>*/s/ Matthew P. Gizzo*_____
>>Matthew P. Gizzo