# EXHIBIT B

**FILED: MONROE COUNTY CLERK 09/14/2022 04:17 PM** INDEX NO. E2022007411
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/14/2022

MONROE COUNTY CLERK'S OFFICE     THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3195103

Book   Page   CIVIL

Return To:
OLIVIA MARIE CLANCY

No. Pages:  11

Instrument: EFILING INDEX NUMBER

Control #:      202209141251
Index #:        E2022007411

Date: 09/14/2022

Cary, Joan Lynn                    Time: 4:28:31 PM

Sally Beauty Supply LLC
Sally Beauty Holdings, Inc.

| | |
|---|---|
| State Fee Index Number | $165.00 |
| County Fee Index Number | $26.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records Management | $4.75 |

Employee: CW

Total Fees Paid:                   $210.00

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**

JOAN LYNN CARY,

                              Plaintiff,

        -against-

SALLY BEAUTY SUPPLY LLC and SALLY BEAUTY HOLDINGS, INC.,

                              Defendants.

TO THE ABOVE-NAMED DEFENDANTS:

Index No.:
Date Index No. Purchased:

**SUMMONS**

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates Monroe County as the place of trial pursuant to CPLR § 503 on the grounds that a substantial part of the occurrences at issue took place in Monroe County.

Dated: New York, New York
       September 13, 2022

                                                             *Olivia Clancy*
                                                       Olivia M. Clancy, Esq.
                                                       SHEGERIAN & ASSOCIATES
                                                       *Attorneys for Plaintiff*
                                                       **JOAN LYNN CARY**
                                                       90 Broad Street, Suite 804
                                                       New York, New York 10004
                                                       (212) 257-8883
                                                       oclancy@shegerianlaw.com

FILED: MONROE COUNTY CLERK 09/14/2022 04:17 PM        INDEX NO. E2022007411
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 09/14/2022

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**

| | |
|---|---|
| JOAN LYNN CARY, | Index No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| SALLY BEAUTY SUPPLY LLC and SALLY BEAUTY HOLDINGS, INC., | **AND JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff Joan Lynn Cary, by her attorneys, Shegerian & Associates, alleges, for her Complaint against Defendants Sally Beauty Supply LLC and Sally Beauty Holdings, Inc., upon information and belief, and at all times relevant, as follows:

**PRELIMINARY STATEMENT**

1.  Defendants Sally Beauty Supply LLC and Sally Beauty Holdings, Inc. (collectively referred to as "Defendant Sally Beauty") intentionally discriminated against Plaintiff Joan Lynn Cary ("Cary") based on her disability as a Type 1 diabetic and retaliated against her culminating in her abrupt unlawful termination. While at work, Plaintiff Cary requested the accommodation of temporarily stepping off the sales floor to sip juice for approximately one minute or less when the device she wears on her arm, which monitors her insulin levels signals her blood sugar is too low. In failing to reasonably accommodate or engage in a cooperative dialogue with Plaintiff, Defendant mandated her to request an accommodation be processed via a third-party vendor, Broadspire Services, Inc. ("Broadspire"), to approve the request while removing Plaintiff from the schedule preventing her from earning income. Defendant Sally Beauty permitted this discrimination despite complaints and requests from Plaintiff. Further, Defendants retaliated and

1

permitted retaliation against Plaintiff based on her request for accommodation and in opposition to discrimination based on her disability. Ultimately, Plaintiff Cary was terminated by Defendant under the false notion she sought a medical leave of absence and failed to meet the requirements within the time frame arbitrarily set by her manager despite Plaintiff never requesting a leave of absence, only an accommodation.

## NATURE OF THE ACTION

2.  This action is brought pursuant to the New York State Human Rights Law, N.Y. Exec. § 296, *et seq*. ("NYSHRL") to remedy discrimination based upon disability, retaliation, failure to accommodate, failure to engage in cooperative dialogue and other adverse action perpetrated by Defendant Sally Beauty. Plaintiff seeks monetary damages to remedy her employment claims against Defendant.

3.  Plaintiff Cary, a Type 1 diabetic, complains that Defendant unlawfully discriminated against her on the basis of her disability by treating her less favorably in her terms and conditions of employment, denying her reasonable accommodation, retaliating against her for complaining to Defendant's General Manager and her direct manager about the unfair treatment, which were ignored. Plaintiff was terminated by Human Resources Representative, Tracy Avdellas for "failing to meet the necessary requirements to be out of work on a medical Leave of Absence". Plaintiff Cary responded that she had never requested a leave of absence only an accommodation as of February 15, 2021, which Broadspire Leave Specialist, Shaun Ottley confirmed in writing.

FILED: MONROE COUNTY CLERK 09/14/2022 04:17 PM                                 INDEX NO. E2022007411
NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 09/14/2022

## PARTIES

4. Plaintiff Cary is a Type 1 diabetic and citizen of the United States of America who, at all times relevant, resides in Monroe County, State of New York.

5. Plaintiff was continuously employed by Defendant Sally Beauty as a Beauty Advisor/Cashier from in or about April 2020 to April 1, 2021 at Defendant's store

6. Upon information and belief, Defendant Sally Beauty Supply LLC is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware where it is incorporated with its principal place of business at 15 North Mill Street, Nyack, New York 10906.

7. Upon information and belief, Defendant Sally Beauty Supply LLC is authorized and qualified to do business in the County of Monroe. Defendant's place of business, where the following causes of action took place, was, and is, in the County of Monroe.

8. Upon information and belief, at all relevant times, Defendant Sally Beauty Supply is an employer as that term is used in the NYSHRL § 296, *et seq.*

9. Upon information and belief, Defendant Sally Beauty Holdings, Inc. is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware where it is incorporated with its principal place of business at 600 Mamaroneck Avenue, #400 Harrison, New York 10528.

10. Upon information and belief, Defendant Sally Beauty Holdings, Inc. is authorized and qualified to do business in the County of Monroe. Defendant's place of business, where the following causes of action took place, was, and is, in the County of Monroe.

11. Upon information and belief, at all relevant times, Defendant Sally Beauty Holdings, Inc. is an employer as that term is used in the NYSHRL § 296, *et seq.*

## STATEMENT OF FACTS

    **I.**    **PLAINTIFF'S DISABILITY, EMPLOYMENT HISTORY AND DEFENDANT'S DISCRIMINATORY AND RETALIATORY PRACTICES**

12. Plaintiff Cary began her employment with Defendant Sally Beauty in or about March 2020 as a Beauty Advisor/Cashier earning $12.75 per hour.

13. Plaintiff Cary performed her duties as a Beauty Advisor/Cashier in a satisfactory manner during her employment with Defendant Sally Beauty.

14. Plaintiff Cary is a Type I diabetic. She disclosed to her disability to each of the managers she had while employed by Defendant.

15. After Plaintiff Cary disclosed her disability and need to sip juice when her arm monitor alerted her requiring her to step off the sales floor for approximately one minute to keep her blood sugar from dipping too low, each of the six prior managers to her last, Emily (last name unknown), permitted her to do so. Plaintiff would provide a manager with notice prior to departing the sales floor stating, "My blood sugar is low; I need to step out and drink a sip of juice." Plaintiff would promptly return to the floor after consuming the juice.

16. Plaintiff Cary disclosed her disability to Emily upon the manager's hire in or about January 2021 and requested this reasonable accommodation.

17. Instead of engaging with Plaintiff Cary or granting the accommodation, Emily pulled Plaintiff Cary aside and directed her to formally request an accommodation through the third-party vendor Broadspire and would not allow her to continue working on the sales floor until the accommodation was approved by Broadspire. Emily stated, "We just don't want you using time on our watch. We want to make sure it's real" referring to Plaintiff's disability.

18. Thereafter, Emily removed Plaintiff Cary from the schedule and deprived her of income due to her having Type I diabetes and needing this reasonable accommodation to sip juice

at times during the day when her medical monitor alerted her blood sugar was low.

19. On or about February 15, 2021, Plaintiff Cary inquired why she was taken of the scheduled specifically, and Emily responded, "We are not going to be able to schedule you until you get that accommodation."

20. After being directed by Emily she needed to apply for the accommodation through Broadspire, Plaintiff made contact with Broadspire Leave Specialist, Shaun Ottley to specifically request a reasonable accommodation based on her diabetes as of February 15, 2021 not a medical leave of absence.

21. Broadspireresponded, "We have to send you paperwork for you to go to your doctor to fill out." Plaintiff then requested her doctor to fill out the appropriate documentation. Her doctor failed to complete each document during her visit. When Plaintiff requested the doctor complete the rest of the documents and quickly fax them directly to Broadspire, the doctor's office replied the doctor would be out of the office for the next month.

22. Plaintiff called her General Manager, Eric and apprised him of her request for accommodation and being taken off the schedule indefinitely by Emily. Eric was indifferent and ignored this complaint. A few weeks later, Plaintiff called Eric to speak with him again about this same issue, but her call was sent to voicemail. Plaintiff called him a second time and had been blocked by Eric.

23. On or about April 1, 2021, Plaintiff Cary was terminated by Human Resources, Tracy Avdellas via email. When Plaintiff responded asking the reason for her termination, Tracy responded, "you are failing to meet the necessary requirements to be out of work on a medical leave of absence. Your accommodation request was done accordingly…there is nothing to do now."

24. However, Plaintiff Cary never requested a medical leave of absence from Broadspire or Defendant. She merely requested an accommodation as per the directive of her

5

manager to maintain her job.

25. After being terminated, Plaintiff Cary reached out to Shaun from Broadspire to inquire if he received her doctor's documentation. Shaun responded, "It's in approval status. I just need the paperwork from your doctor." Plaintiff explained she had already been terminated by Defendant. Shaun then replied, "We have not even given out a letter as to whether we can accommodate yet." Plaintiff explained her former employer led her to believe that Broadspire designated it a leave of absence. Shaun then wrote a letter stating that the accommodation Plaintiff sought was not for a medical leave of absence.

## FIRST CAUSE OF ACTION

**Violation of the New York State Human Rights Law for Disability Discrimination, Failure to Accommodate and Failure to Engage in Cooperative Dialogue — Against Defendants**

26. Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

27. New York Execute Law §296(1)(a) provides that: "It shall be an unlawful discriminatory practice for an employer . . . because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

28. By the aforementioned acts, Plaintiff has been discriminated against by Defendants, on the basis of her disability in violation of the NYSHRL.

29. But for Plaintiff's disability, she would not have been discriminated against, harassed, disciplined, retaliated against, removed from the schedule, falsely led to believe Broadspire designated her request as one for a medical leave of absence that was still pending at the time of

her termination and ultimately terminating her. Any reasons proffered by Defendants for unfairly treating Plaintiff by refusing reasonable accommodation and failing to engage her in dialogue to allow maintaining proper blood sugar levels with brief sips of juice during her shift are pretext for discriminating against Plaintiff based on her disability.

30. Defendants' acts and omissions constitute unlawful and willful discrimination against Plaintiff based on her religion in violation of the NYSHRL.

31. As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

32. As a direct and proximate result of Defendants' unlawful termination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

## SECOND CAUSE OF ACTION

**Violation of New York State Human Rights Law For Retaliation
— Against Defendants**

33. Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

34. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any such activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practice forbidden under this article."

35. Plaintiff engaged in protected activities when making multiple complaints of discrimination against Defendants to her manager and General Manager, which were ignored.

36. Plaintiff made multiple complaints and experienced adverse employment actions as a result including, but not limited to, the following: insisting Plaintiff utilize Broadspire to seek a formal accommodation, removing her from the schedule depriving her of income, falsely led to

believe Broadspire designated her request as one for a medical leave of absence that was still pending at the time of her termination and ultimately terminating her. Such conduct is demonstrative of Defendants' reckless indifference to the laws prohibiting discrimination.

37. By the acts and practices described above, Defendants retaliated against Plaintiff for engaging in protected activities in violation of the NYSHRL.

38. As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Joan Lynn Cary requests judgment against Defendants Sally Beauty Supply LLC and Sally Beauty Holdings, Inc. respectfully request that this Court:

(a) Grant Plaintiff actual, consequential, liquidated, punitive and any other damages that the Court may deem appropriate against Defendants;

(b) Order Defendants to pay lost, foregone and future wages to Plaintiff Cary according to proof;

(c) Order Defendants to pay Plaintiff Cary's reasonably incurred attorneys' fees, costs and disbursements;

(d) Order pre-judgment and post-judgment interest on all damages awarded;

(e) Grant an award of punitive damages in an amount to be determined at trial;

(f) Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 13, 2022

*Olivia Clancy*
Olivia M. Clancy, Esq.
SHEGERIAN & ASSOCIATES
*Attorneys for Plaintiff*
**JOAN LYNN CARY**
90 Broad Street, Suite 804
New York, New York 10004
(212) 257-8883
oclancy@shegerianlaw.com