UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOAN LYNN CARY,

                                   Plaintiff,

                                                                        Case No. 22-CV-6475-FPG

v.                                                                        DECISION AND ORDER

SALLY BEAUTY SUPPLY LLC, et al.,

                                   Defendants.
_____

## INTRODUCTION

In September 2022, Plaintiff Joan Lynn Cary ("Plaintiff") asserted claims of disability discrimination and retaliation against Defendants Sally Beauty Supply LLC ("SBS") and Sally Beauty Holdings, Inc. ("SBH") (collectively, "Defendants") in Monroe County Supreme Court. ECF No. 1. On October 28, 2022, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332. *Id*. On November 4, 2022, Defendants moved to dismiss Plaintiff's complaint or, in the alternative, stay all proceedings and compel arbitration. ECF Nos. 2-4.

On November 13, 2022, Plaintiff filed an incomplete motion to appear pro hac vice and the Court notified her that her motion was defective on November 14, 2022. ECF Nos. 5-6. Several months later, on March 13, 2023, the Court denied without prejudice Plaintiff's motion to appear pro hac vice and notified Plaintiff's counsel of the denial. ECF No. 6. The Court also notified Plaintiff that she had failed to file a timely response to Defendants' motion under Local Rule of Civil Procedure 7(b)(2)(B), which provided two weeks to respond to Defendants' motion. Plaintiff has taken no further action since the Court's order.

For the reasons set forth below, Defendants' motion to compel arbitration is GRANTED and the matter is stayed pending further order of the Court.

1

## BACKGROUND

Plaintiff was employed as a "beauty advisor/cashier" at SBS, a beauty and hair supply company, from approximately June 2020 until March 2021. ECF No. 4 at 2. When SBS hired Plaintiff, SBS required Plaintiff to sign SBS's Workplace Resolution Program and Mutual Agreement to Arbitrate Claims (the "Agreement"). ECF No. 4-1 at 2. Defendant alleges—and, in light of her non-opposition, Plaintiff has not disputed—that Plaintiff electronically signed the Agreement. ECF No. 4-2 at 2. The Agreement provides, in pertinent part, that: "The Company and I mutually consent and agree to resolution by arbitration of all claims or controversies, past, present, or future ("Disputes"), including without limitation, claims arising out of or related to my… employment, and/or the termination of my… employment that… I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, …" *Id.* The Agreement further provides that: "The claims that are subject to arbitration under this Agreement are those that, in the absence of this Agreement, would have been justiciable under applicable state, federal, or other law. Except as otherwise provided, this Agreement covers all claims that either the Company or I could bring arising out of or relating to my employment relationship with the Company, including, but not limited to: (i) discrimination based on race, creed, color, religion, sex, age, disability, leave status, national origin, ancestry, sexual orientation, marital status, veteran or military reserve status, privacy, or any other characteristic protected by federal, state, or local law, (ii) retaliation, including, but not limited to, whistleblower status or retaliation for filing a workers' compensation claim, …" *Id*.

In her complaint, Plaintiff has asserted New York State Human Rights Law ("NYSHRL") claims for disability discrimination and retaliation. *See* ECF No. 1-2 at 4. Defendants timely

removed Plaintiff's claims from Monroe County Court to this Court on October 28, 2022.  ECF No. 1.

## LEGAL STANDARD

Defendants contend that Plaintiff's claims are subject to arbitration, and accordingly ask the Court to issue an order compelling arbitration pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 2-4.  "The question of whether the parties have agreed to arbitrate, i.e., the 'question of arbitrability,' is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).  "[T]he summary judgment standard is appropriate in cases where the District Court is required to determine arbitrability, regardless of whether the relief sought is an order to compel arbitration or to prevent arbitration." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003).  "Because the standard is akin to that on summary judgment, materials outside the pleadings may be considered." *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 342 (S.D.N.Y. 2018); *see also Meyer v. Uber Techs.*, 868 F.3d 66, 74 (2d Cir. 2017) (on a motion to compel arbitration, "the court consider[s] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with … affidavits, and draws all reasonable inferences in favor of the non-moving party." (alterations in original) (quotation and citation omitted)).

Pursuant to the FAA, "[a] written provision in … a contract … to settle by arbitration a controversy thereafter arising out of such contract … or an agreement in writing to submit to arbitration an existing controversy arising out of … a contract … shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  "The FAA reflects a liberal federal policy favoring arbitration

3

agreements, and places arbitration agreements on the same footing as other contracts." *Meyer*, 868 F.3d at 73. When deciding whether an action should be arbitrated, "first, [the Court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable […]." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004).

## DISCUSSION

The Court must determine whether Plaintiff's NYSHRL claims are subject to arbitration. For the reasons explained below, the Court concludes that they are. Defendants' motion to compel arbitration is accordingly granted.

### I.  Arbitrability

The issue is whether Plaintiff's claims are arbitrable. As discussed, the Court must "first […] determine whether the parties agreed to arbitrate; second it must determine the scope of that agreement […]." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004).

"The threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles." *Nicosia*, 834 F.3d at 229. Under New York law, "the party seeking to compel arbitration has the burden of demonstrating by a preponderance of the evidence the existence of an agreement to arbitrate." *Tellium, Inc. v. Corning Inc.*, No. 03 Civ. 8487(NRB), 2004 WL 307238, at *5 (S.D.N.Y. Feb. 13, 2004) (citing *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 46 (2d Cir. 1993)).

Here, Defendants meet their burden. There is no dispute that an arbitration agreement exists and that it was electronically signed by Plaintiff. *See* ECF No. 4-1 at 2 (Defendants' Exhibit A, "Sally Beauty Holdings, Inc. Workplace Resolution Program and Mutual Agreement to

Arbitrate Claims"); *see also* ECF No. 4-2 at 2 (Defendants' Exhibit B, Plaintiff's Electronic Signature and Acknowledgement of the Agreement). As discussed, Plaintiff does not dispute the existence of the Agreement, nor her acknowledgement of it. The Court therefore concludes that an "agreement to arbitrate" exists. *Tellium*, 2004 WL 307238, at *5.

Once it has been established that an arbitration agreement exists, courts in the Second Circuit "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *State of New York v. Oneida Indian Nation*, 90 F.3d 58, 61 (2d Cir. 1996). Here, the arbitration provision at issue is broadly drafted, encompassing all "all claims or controversies, past, present, or future ("Disputes"), including without limitation, claims arising out of or related to my… employment, and/or the termination of my… employment[.]" ECF No. 4-1 at 2. The Agreement further provides, *inter alia*, that: "[t]he claims that are subject to arbitration under this Agreement are those that, in the absence of this Agreement, would have been justiciable under applicable state […] law." *Id*. In short, because the terms of the Agreement are "susceptible of an interpretation that covers the asserted dispute" and Plaintiff has not argued that her NYSHRL claims are not within the scope of the Agreement to arbitrate, the claims must proceed to arbitration. *Oneida Indian Nation*, 90 F.3d at 61. Accordingly, the Court concludes that Plaintiff's claims fall within the scope of the arbitration provision in the Agreement.

## II.    The Proceedings are Stayed Pending Completion of Arbitration

"[T]he text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). "When a stay is not requested, a district court has discretion in determining whether to stay or dismiss the case pending arbitration." *Castellanos*

*v. Raymours Furniture Co., Inc.*, 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018).  However, the Second Circuit has "detailed several reasons for staying, instead of dismissing, cases pending arbitration, including that a stay furthers the FAA's underlying policy to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id*. (internal quotation marks and citations omitted).

Here, Defendants request a stay pending arbitration.  In light of Defendants' request and the Second Circuit's preference for entry of a stay under circumstances such as those alleged here, the Court, in its discretion, stays the proceedings pending arbitration. *See generally Fontaine*, 540 F. Supp. 3d at 362.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED and the matter is stayed pending further order of the Court.  The parties shall advise the Court within 15 days of entry of a final arbitration decision.  If a final arbitration decision is not entered by June 30, 2023, the parties shall file a status letter as to the progress of the arbitration.

IT IS SO ORDERED.

Dated: April 13, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York